UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST ANCHORS, LLC d/b/a Zest DentalSolutions and ZEST IP HOLDINGS, LLC,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GERYON VENTURES, LLC d/b/a DESS-USA and TERRATS MEDICAL SOCIEDAD LIMITADA,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22-CV-230 TWR (NLS)<br><br>**ORDER (1) DENYING DEFENDANTS' *EX PARTE* MOTION FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL, (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' *EX PARTE* MOTION REQUESTING BRIEFING SCHEDULE, AND (3) STAYING BRIEFING ON BOND ISSUE**<br><br>(ECF Nos. 49, 54, 59, 61, 62) |

Presently before the Court are Defendants Geryon Ventures, LLC d/b/a DESS-USA and Terrats Medical Sociedad Limitada's *Ex Parte* Motion for Stay of Preliminary Injunction Pending Appeal, or, at the Very Least, a Stay of 60 Days ("Defs.' *Ex Parte* Mot.," ECF No. 54); Supplemental Brief re: Preliminary Injunction Bond ("Supp. Br.," ECF No. 59); and Opposition to Plaintiffs' *Ex Parte* Motion Requesting Briefing Schedule ("Defs.' Opp'n," ECF No. 65), as well as Plaintiffs Zest Anchors, LLC d/b/a Zest DentalSolutions and Zest IP Holdings, LLC's Motion for Civil Contempt ("Contempt Mot.," ECF No. 61), Opposition to Defendants' *Ex Parte* Motion ("Pls.' Opp'n," ECF No.

61-1 at 13–21), and *Ex Parte* Application Requesting Briefing Schedule ("Pls.' *Ex Parte* Mot.," ECF No. 62).

The Court first addresses Defendants' *Ex Parte* Motion, which Plaintiffs oppose. (*See generally* ECF No. 56; Pls.' Opp'n.) As Defendants recognize, (*see* Defs.' *Ex Parte* Mot. at 5), the Court may exercise its discretion to stay the Preliminary Injunction it entered on July 18, 2022 (ECF Nos. 49 (public), 50 (sealed)), pending Defendants' appeal upon consideration of the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Fed. Trade Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). In granting the Preliminary Injunction, however, the Court concluded that Plaintiffs had made a strong showing that they were likely to succeed on the merits of their trade dress claim, (*see* Prelim. Inj. at 18–35); that they would be irreparably harmed absent preliminary injunctive relief, (*see id.* at 35–40); and that the public interest favored preliminarily enjoining Defendants' alleged trade dress infringement. (*See id.* at 41–43.) Accordingly, as Plaintiffs recognize, (*see* Pls.' Opp'n at 13), to grant Defendants' their requested stay "would undermine and be contrary to the court's reasoning[] . . . finding a preliminary injunction was and remains appropriate." *See OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, No. CV-14-085-LRS, 2014 WL 2761551, at *4 (E.D. Wash. June 18, 2014). The Court therefore **DENIES** Defendants' *Ex Parte* Motion. Defendants are free to seek a stay of the Preliminary Injunction before the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2).

The Court next turns to Plaintiffs' Contempt Motion, through which Plaintiffs seek limited expedited discovery and remedies—including disgorgement of profits, reasonable attorneys' fees, and a per diem fine—for Defendants' failure to comply to date with the Preliminary Injunction. (*See generally* Contempt Mot.; ECF No. 61-1 at 1–13 ("Contempt Mem.").) The Contempt Motion is set for oral argument on October 13, 2022, but Plaintiffs

1  seek to have it briefed and heard on an expedited basis through their own *Ex Parte* Motion, (*see generally* Pls.' *Ex Parte* Motion; ECF No. 62-1 ("Pls.' *Ex Parte* Mem.")), which Defendants oppose. (*See generally* ECF No. 64; Defs.' Opp'n.) Although the Court understands Plaintiffs' position, the Court is disinclined to hold Defendants in contempt so long as they timely seek a stay of the Preliminary Injunction before this Court and/or the Ninth Circuit. *See, e.g., F.T.C. v. Singer*, 534 F. Supp. 24, 26 (N.D. Cal. 1981) ("The proper course of action [following the entry of a preliminary injunction] is to either comply with the injunction or seek a stay of it during the pendency of an appeal."), *aff'd*, 668 F.2d 1107 (9th Cir. 1982). At this time, the Court therefore **DENIES WITHOUT PREJUDICE** Plaintiffs' *Ex Parte* Motion. In the event the Ninth Circuit denies Defendants' request for a stay of the Preliminary Injunction pending appeal, however, the Court suggests Defendants take this time "to better assess the scope and impact of the injunction," (*see* Supp. Br. at 1), and "to more precisely pinpoint the steps they will need to take to comply with the injunction." (*See* Defs.' *Ex Parte* Mot. at 9 n.1.)

Finally, the Court notes that, rather than file their "supplemental briefing as to the necessity and appropriate amount of a bond in this case" pursuant to the Preliminary Injunction, (*see id.* at 44), "Defendants respectfully request a continuance of the briefing on the bond until issues related to a stay are fully adjudicated and finally decided." (*See* Supp. Br. at 1.) The Court finds this request to be reasonable because, as Defendants note, "there w[ill] be no need for any bond" if the Ninth Circuit grants a stay of the Preliminary Injunction pending Defendants' appeal. (*See id.*) The Court therefore **STAYS** briefing of the bond issue pending the Ninth Circuit's resolution of Defendants' anticipated motion for a stay before that court.

In light of the foregoing, the Parties **SHALL FILE** a Joint Status Report within <u>three (3) days</u> of the Ninth Circuit's decision on Defendants' anticipated motion for a stay of the

///
///
///

1 Preliminary Injunction pending appeal before that Court.  In particular, the Parties **SHALL**
2 **ADDRESS** the status of the briefing on the bond issue and Plaintiffs' Contempt Motion.
3     **IT IS SO ORDERED.**
4 Dated:  August 11, 2022

_____
Honorable Todd W. Robinson
United States District Court