UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST ANCHORS, LLC d/b/a Zest DentalSolutions and ZEST IP HOLDINGS, LLC,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GERYON VENTURES, LLC d/b/a DESS-USA and TERRATS MEDICAL SOCIEDAD LIMITADA,<br><br>　　　　　　　　　　　Defendants,<br><br>BIOMET 3I, LLC d/b/a ZimVie,<br><br>　　　　　　　　　　Intervenor-Defendant. | Case No.: 22-CV-230 TWR (NLS)<br><br>**ORDER (1) STRIKING DEFENDANTS' COMPLIANCE AFFIDAVIT, (2) IMPOSING PER DIEM FINE PER CONTEMPT ORDER, AND (3) DENYING AS MOOT INTERVENOR'S MOTION TO CLARIFY**<br><br>(ECF Nos. 108, 120) |

　　　　Presently before the Court are the Motion to Clarify the Preliminary Injunction ("Mot. to Clarify," ECF No. 108) filed by Intervenor-Defendant and Counterclaimant Biomet 3i, LLC dba ZimVie's ("ZimVie") in response to the Court's November 9, 2022 Order (1) Denying as Moot Plaintiffs' Motion to Dismiss Counterclaims, (2) Granting Plaintiffs' Motion for Civil Contempt, and (3) Denying with Prejudice Defendants' Supplemental Request for Bond ("Contempt Order," ECF No. 107), as well as the Response in Opposition ("Opp'n," ECF No. 113) filed by Plaintiffs and Counter-

Defendants Zest Anchors, LLC, doing business as Zest Dental Solutions, and Zest IP Holdings, LLC (together, "Zest") and Intervenor's Reply in Support of its Motion to Clarify ("Reply," ECF No. 114). Defendants and Counterclaimants Geryon Ventures, LLC, doing business as DESS-USA ("Geryon"), and Terrats Medical Sociedad Limitada ("Terrats") (together, "DESS") did not file a brief. The Court held a hearing on the Motion to Clarify on December 1, 2022, at which time the Court heard from counsel for Plaintiffs, Defendants, and Intervenor. (*See* ECF Nos. 121, 122 ("Tr.").)

Following the hearing, the Court permitted Plaintiffs to file "a supplemental brief . . . addressing Defendants' and Intervenor's efforts to comply with the Preliminary Injunction by selling their component parts 'separately'" and granted Defendants and Intervenor an opportunity to respond. (*See* ECF No. 124.) The Court is now in receipt of Plaintiffs' ("Pls.' Supp. Br.," ECF No. 126), Defendants' ("Defs.' Supp. Br.," ECF No. 127), and Intervenor's ("Int.'s Supp. Br.," ECF No. 128) supplemental briefs.

Finally, the Court is also in receipt of the Declaration of Roger Terrats re: Compliance with Contempt Order ("Compliance Aff.," ECF No. 120), which was filed on December 1, 2022, in response to the Court's Contempt Order. (*See id.*; *see also* ECF No. 112.)

On January 19, 2023, the Court held a status hearing, at which the undersigned disclosed that certain partners affiliated with Defendants' counsel, Ellis George Cipollone O'Brien Annaguey LLP, were working at the White House Counsel's Office while the undersigned's nomination as a District Court Judge was being considered and advanced. (*See* ECF No. 130; *see also* ECF No. 132.) Accordingly, the Court provided any Party the opportunity to file a motion for recusal by close of business on January 26, 2023. (*See* ECF Nos. 130, 132.) No recusal motions were filed. (*See generally* Docket.)

Having carefully considered the record, the Parties' arguments, and the relevant law, the Court **STRIKES** Defendants' Compliance Affidavit; **IMPOSES** a $1,000 per diem fine pursuant to the Contempt Order beginning December 2, 2022, until Defendants file a further affidavit confirming their compliance with the Court's July 18, 2022 Order

Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction (the "Preliminary Injunction," ECF No. 49) as subsequently clarified by the Contempt Order and the present Order; and **DENIES AS MOOT** Intervenor's Motion to Clarify.

## BACKGROUND

Underlying both Intervenor's Motion to Clarify and Defendants' Compliance Affidavit are the Court's July 18, 2022 Preliminary Injunction and the Court's November 9, 2022 Contempt Order. In the Preliminary Injunction, the Court

> **ENJOIN[ED] AND RESTRAIN[ED]** until the entry of final judgment in this action Defendants Geryon Ventures, LLC d/b/a DESS-USA, and Terrats Medical Sociedad Limitada, together with their agents, employees, representatives, and all persons and entities in concert or participation with them from engaging in, committing or performing, directly or indirectly, any and all of the following acts:
>
> 1.  Using in any way, including in connection with the promotion, marketing, advertising, and sale of products or services, Zest's LOCATOR® product suite trade dress or any trade dress that is a colorable imitation thereof, or confusingly similar thereto; and
>
> 2.  Importing into the United States any products that use the LOCATOR® product suite trade dress or trade dress that is a colorable imitation thereof, or confusingly similar thereto.

(*See* Prelim. Inj. at 45 (emphasis in original).) The Preliminary Injunction contains a thorough recitation of the facts and procedural posture underlying that decision. (*See id.* at 2–15.) The Court therefore incorporates by reference the Background as set forth in that Order and includes here only the subsequent facts and procedural developments that are relevant to the instant Compliance Affidavit and Motion to Clarify.

Following entry of the Preliminary Injunction, both Plaintiffs, (*see* ECF No. 67), and Defendants, (*see* ECF No. 52), appealed the Order to the Ninth Circuit. Defendants sought to stay this action pending the appeal both in this Court, (*see* ECF No. 54), and before the Ninth Circuit. Both requests were denied, (*see* ECF Nos. 66 (District Court), 79 (9th Circuit)), although the Ninth Circuit did set an expedited briefing schedule in the cross-

appeals. (*See* ECF No. 68.) Oral argument is currently scheduled for March 17, 2023. *See* Notice of Oral Argument, *Zest Anchors, LLC v. Geryon Ventures, LLC*, No. 22-55704 (9th Cir. filed Jan. 1, 2023), ECF No. 49.

In the meantime, Plaintiffs moved to hold Defendants in civil contempt of the Preliminary Injunction on the grounds that they were continuing to infringe Plaintiffs' LOCATOR® trade dress. (*See* ECF No. 61 ("Contempt Mot.").) Specifically, Plaintiffs sought disgorgement of profits after entry of the Preliminary Injunction, a $5,000 per diem fine until Defendants certified that they were complying with the Preliminary Injunction, and their attorneys' fees. (*See id.* at i–ii.)

ZimVie sought to intervene on August 29, 2022, (*see generally* ECF No. 69), a request that was unopposed. (*See id.* at II (Defendants); *see also* ECF No. 78 (Plaintiffs).) The Court therefore granted ZimVie's request to intervene on August 23, 2022. (*See* ECF No. 80.)

On November 9, 2022, the Court granted Plaintiffs' Contempt Motion, concluding:

> Defendants' . . . continued sales of their DESSLoc® products constitutes an impermissible end-run around the Preliminary Injunction because even though Defendants sell non-infringing, individual components to foreign distributors, they know that these parts will be combined into an infringing whole for sale to customers in the United States who may be confused by the similarity of Defendants' DESSLoc® product suite to Plaintiffs' LOCATOR® product suite.

(*See* Contempt Order at 3.) The Court therefore held Defendants in civil contempt, (*see id.* at 7), and ordered Defendants to pay Plaintiffs "disgorgement of any profits earned in violation of the Preliminary Injunction and . . . an award of attorneys' fees incurred in filing the Contempt Motion and Reply." (*See id.* at 8.) The Court also ordered Defendants to file an affidavit of compliance with the Preliminary Injunction on or before November 23, 2022. (*See id.*)

The instant Motion to Clarify followed on November 14, 2022. (*See* ECF No. 108.) On Intervenor's *ex parte* request, (*see* ECF No. 109), the Court set an expedited hearing and briefing schedule. (*See* ECF No. 110.) The Court accordingly extended Defendants'

deadline to file its compliance affidavit to December 1, 2022, (*see* ECF No. 112), on which date Defendants filed the instant Compliance Affidavit. (*See* ECF No. 120.)

## DEFENDANTS' COMPLIANCE AFFIDAVIT

In Defendants' Compliance Affidavit, Roger Terrats, the Chief Executive Officer of Terrats, attests that he "did not believe the Preliminary Injunction prohibited Terrats from marketing or selling individual components of the trade dress separately." (*See* Compl. Aff. ¶ 5.) At the hearing, defense counsel elaborated that, since the issuance of the Preliminary Injunction, they have made certain changes in the way the sell and market these component parts. (*See* Tr. at 4:1–5:2, 5:14–6:18.) First, as to sales, Terrats stopped selling to Geryon. (*See id.* at 4:3–5, 5:14–20.) As for sales to Intervenor, Terrats "separately packaged" the individual components of the DESSLoc® suite for Intervenor to "separately purchase," (*see id.* at 4:12–14; *see also id.* at 9:15–10:7), and "confirmed with ZimVie that they were not putting together these pieces into a whole." (*See id.* at 4:9–12; *see also id.* at 5:14–20, 10:8–13; Terrats Decl. ¶¶ 6, 9.) On the marketing side, Terrats confirmed that its U.S. website did not contain any "depictions of [Plaintiffs'] actual trade dress, in other words, the three elements together," (*see* Tr. at 4:17–21; *see also id.* at 5:21–23; Terrats Decl. ¶ 10), and added a disclaimer to its non-U.S. website that "the component parts combined together as a single unit" could not be purchased for use in the United States. (*See* Terrats Decl. ¶ 10; Tr. at 4:21–5:1; 5:23.)

In the Preliminary Injunction, the Court enjoined Defendants from selling "Zest's LOCATOR® product suite trade dress, or any trade dress that is a colorable imitation thereof, or confusingly similar thereto," (*see* Prelim. Inj. at 45), and, in its Contempt Order, the Court found that Defendants had violated that prohibition by continuing to sell the same DESSLoc® product suite that the Court previously had concluded was likely to infringe Plaintiffs' LOCATOR® product suite trade dress. (*See generally* Contempt Order.) The Court therefore ordered Defendants to affirm that they had stopped selling the DESSLoc® product suite by December 1, 2022. (*See id.* at 8; *see also* ECF No. 112.) As Plaintiffs note, (*see* Pls.' Supp. Br. at 7), the Compliance Affidavit confirms only that Defendants

have not changed their practices since the Court issued its Contempt Order over two months ago. Indeed, defense counsel conceded at the hearing that "[t]he individual component parts are the same as before the injunction." (*See* Tr. at 5:3–13.)

Defendants could have complied with the Preliminary Injunction—and the Contempt Order—in myriad ways. For example, Terrats could have elected to sell *only* the unmodified DESSLoc® abutment or *only* the unmodified DESSLoc® retention inserts. Defendants could also have elected to make changes to the color or trilobate socket of the DESSLoc® abutment or to the colors and corresponding retention strengths of the DESSLoc® retention caps. But Defendants took none of these actions; instead, Terrats continues to sell the same infringing DESSLoc® product suite only with the components— which are intended to be purchased and used together—in separate packaging.

Defendants also could have introduced evidence that their "separate" packaging of the DESSLoc® components did, in fact, result in truly "separate" sales, *e.g.*, that the majority of its customers purchase *only* the abutments and not the retention caps or vice versa. Defendants have not done so. In any event and at the very least, ZimVie is purchasing both the abutments *and* the retention caps from the DESSLoc® product suite— whether in separate orders or separate packaging—to be sold as their OverdenSURE product suite. In the absence of evidence that these products are in fact sold separately for separate use, separate packaging does not suffice to bring the DESSLoc® product suite into compliance with the Preliminary Injunction or Contempt Order.

Defendants could not have reasonably believed that they could continue to sell— without sanction—the exact same suite of products that the Court enjoined them from selling in the Preliminary Injunction, particularly after issuance of the Contempt Order. (*Cf.* Terrats Decl. ¶ 8 ("Terrats has never intended to attempt 'an impermissible end-run around the Preliminary Injunction.'"); Defs.' Supp. Br. at 4 ("DESS . . . has always respected the Court's orders and believes it has reasonably interpreted those orders.").) Further, had Defendants believed that the Court was operating under a misapprehension of facts of law, (*see, e.g.*, Defs.' Supp. Br. at 2 & n.3), they could have sought reconsideration

of the Contempt Order.  They did not do so.  The Court therefore **STRIKES** the Compliance Affidavit and, pursuant to the Contempt Order, **IMPOSES** a $1,000 per diem fine beginning December 2, 2022, until Defendants file a further compliance affidavit confirming their compliance with the Court's July 18, 2022 Preliminary Injunction as subsequently clarified by the Contempt Order and the present Order.

## INTERVENOR'S MOTION TO CLARIFY

Through its Motion to Clarify, ZimVie poses two questions:

1. Whether the individual sale of the separate, non-infringing DESSLoc® components is prohibited by the Preliminary Injunction; and

2. Whether marketing images that do not show DESSLoc®'s trilobe socket are a "colorable imitation [of], or confusingly similar [to]" Zest's asserted LOCATOR® trade dress such that they are prohibited by the Preliminary Injunction?

(Mot. at II, 1.)  According to ZimVie, "[t]he underlying issue governing both of these questions is narrow: whether protection of Zest's LOCATOR® trade dress extends beyond the 'whole.'" (*See id.* at 1–2.)

Not only does the Court disagree with the "underlying issue" as framed by ZimVie,[1] but both questions presuppose that Defendants can continue to sell—and, consequently, that ZimVie can continue to purchase, market, and resell—the same DESSLoc® product suite addressed by the Preliminary Injunction and Contempt Order.  As addressed above, *see supra* pages 5–7, they cannot.  The questions raised in the Motion to Clarify concerning ZimVie's sale and marketing of those products are therefore moot.

## CONCLUSION

In light of the foregoing, the Court **STRIKES** Defendants' Compliance Affidavit (ECF No. 120); **IMPOSES** a $1,000 per diem fine beginning December 2, 2022, until

---

[1] Indeed, the issue is not "whether protection of Zest's LOCATOR® trade dress extends beyond the 'whole[,]'" (*see* Mot. to Clarify at 1–2), but rather whether Defendants and Intervenor are "us[ing] the LOCATOR® product suite trade dress or trade dress that is a colorable imitation thereof, or confusingly similar thereto." (*See* Prelim. Inj. at 45.)

Defendants to file a further compliance affidavit confirming their compliance with the Court's July 18, 2022 Preliminary Injunction as subsequently clarified by the Contempt Order and the present Order; and **DENIES AS MOOT** Intervenor's Motion to Clarify (ECF No. 108).  As noted in the Contempt Order, (*see id.* at 8), "following meet and confer efforts with Defendants to avoid Court intervention, Plaintiffs **MAY FILE** a properly supported motion seeking to recover" any profits Defendants earned in violation of the Preliminary Injunction and any attorneys' fees incurred in filing the Contempt Motion and Reply.

**IT IS SO ORDERED.**

Dated:  February 7, 2023

_____
Honorable Todd W. Robinson
United States District Judge